ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN INFORMAL OR FORMAL OPINION REGARDING WHETHER IT IS A VIOLATION OF OKLAHOMA NEPOTISM STATUTES FOR THE DAUGHTER OF A COUNTY COMMISSIONER TO BE EMPLOYED AS A DEPUTY COUNTY CLERK ON A MONTH TO MONTH BASIS. TITLE 21 O.S. 481 [21-481] (1981) PROVIDES THAT IT IS UNLAWFUL FOR COUNTY OFFICERS, AMONG OTHERS, "TO APPOINT OR VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO (SUCH OFFICER) BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE(.)" THE STATUTE GOES ON TO SAY THAT THE PROHIBITION APPLIES WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTEE IS TO BE PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE. SECTION 21 O.S. 482 [21-482] OF TITLE 21 MAKES IT UNLAWFUL FOR SUCH OFFICER "MENTIONED IN THE PRECEDING SECTION, TO DRAW OR AUTHORIZE THE DRAWING OF ANY WARRANT OR AUTHORITY FOR THE PAYMENT OUT OF ANY PUBLIC FUND, OF THE SALARY, WAGES, PAY OR COMPENSATION OF ANY SUCH INELIGIBLE PERSON(.)" WHILE AT ONE TIME IT WAS TRUE THAT THE COUNTY COMMISSIONERS APPROVED THE APPOINTMENT OF EACH DEPUTY OF THE COUNTY CLERK, AMONG OTHERS, SEE 19 O.S. 149 [19-149] (1971), THAT STATUTE WAS REPEALED BY LAWS 1979, C. 221, 18. WE HAVE FOUND NO OTHER STATUTE WHICH CONFERS UPON THE COUNTY COMMISSIONERS THE AUTHORITY TO APPROVE OR DISAPPROVE THE APPOINTMENT OF A PARTICULAR DEPUTY, THUS, UNDER THE PROVISIONS OF 481, THE COUNTY COMMISSIONER DOES NOT "APPOINT OR VOTE FOR THE APPOINTMENT OF" HIS RELATIVE WHO IS EMPLOYED BY THE COUNTY CLERK. IT WAS HELD IN REDDELL V. STATE, 170 P. 273 (OKL. 1918), THAT "SUCH INELIGIBLE PERSON," AS MENTIONED IN 482, REFERS TO THE RELATIVE OF A PERSON MAKING THE APPOINTMENT, AS PROVIDED IN 481 OF TITLE 21. THUS, 21 O.S. 481 [21-481] BEING INAPPLICABLE, 482 IS LIKEWISE INAPPLICABLE. 21 O.S. 483 [21-483] MAKES IT UNLAWFUL FOR A COUNTY OFFICER, AMONG OTHERS, TO APPOINT THE RELATIVE OF ANOTHER COUNTY OFFICER, "WHEN SUCH APPOINTMENT IS MADE IN PART CONSIDERATION THAT SUCH OTHER OFFICER SHALL APPOINT AND FURNISH EMPLOYMENT TO ANYONE SO RELATED TO THE OFFICER MAKING SUCH APPOINTMENT." WHETHER THIS STATUTE IS VIOLATED IN ANY PARTICULAR SET OF CIRCUMSTANCES IS, OF COURSE, A FACTUAL DETERMINATION. IT WOULD THUS APPEAR THAT IN RESPONSE TO YOUR QUESTION, THERE IS NO OBVIOUS VIOLATION OF 21 O.S. 481 [21-481] ET SEQ. FOR THE DAUGHTER OF A COUNTY COMMISSIONER TO WORK FOR AND BE EMPLOYED, MONTH TO MONTH, AS A DEPUTY COUNTY CLERK. I HOPE THIS INFORMATION HAS BEEN HELPFUL TO YOU. (NEPOTISM) (SUSAN BRIMER LOVING)